IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CLIFTON C. HOYT,<br>　　Petitioner,<br><br>v.<br><br>MONICA DELGADO,<br>　　Respondent. | §<br>§<br>§<br>§　　Cause No. EP-23-CV-409-KC<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Clifton C. Hoyt is a resident at the Horizon North Multi-Use Facility in El Paso, Texas. Pet'r's Pet., ECF No. 1 at 3. He is completing his criminal sentence at the halfway house pursuant to an agreement between the Texas Department of Criminal Justice and the private operator of the facility, CoreCivil. He asks the Court, through two requests for mandamus relief, to compel the Facility Leader, Monica Delgado, to (1) give him his social security card to enable him to apply for work, and (2) permit residents of the facility to shop in local stores for food and other items even when they fail to attend cognitive intervention classes. *Id.* at 6; Pet'r's Attach., ECF No. 1-1 at 6. He also asks the Court to "lift" a disciplinary case brought against him for his failure to seek employment despite the fact he does not possess a social security card necessary to apply for a job. Pet'r's Pet., ECF No. 1 at 5–6.

Because Hoyt is a "prisoner" pursuant to the Prison Litigation Reform Act (PLRA) proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Jackson v. Johnson*, 475 F.3d 261, 267 (5th Cir. 2007) (explaining that because a resident of a halfway house "is 'detained in any facility' for a criminal conviction, he is a 'prisoner' as that term is defined by the PLRA."). Sections 1915(e)(2)(B) and 1915A(b) permit *sua sponte* dismissals if the Court finds a complaint is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A writ of mandamus is 'a drastic and extraordinary remedy reserved for really extraordinary cases.' " *In re JPMorgan Chase & Co*., 916 F.3d 494, 499 (5th Cir. 2019) (quoting *In re Depuy Orthopaedics, Inc*., 870 F.3d 345, 350 (5th Cir. 2017)). It may issue only if the petitioner first demonstrates (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004).

Although Federal Rule of Civil Procedure 81(b) abolished writs of mandamus, federal courts may still "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. And federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Still, federal courts generally lack the "power to issue writs of mandamus" to direct state actors—or private actors fulfilling state functions—in the performance of their duties. *Moye v. Clerk, DeKalb Cnty. Superior Ct*., 474 F.2d 1275, 1276 (5th Cir. 1973).

The Court, after screening Hoyt's petition under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), finds his claim that Delgado possesses and can deliver his social security card to him is

speculative. It further finds Delgado retains the discretion to determine whether she will permit residents will be permitted to shop at local stores. Moreover, the Court observes Delgado is a private actor performing a state function—and not an officer or employee of the United States. Consequently, the Court concludes Hoyt cannot meet his burden of showing a clear right to the relief he has requested, a clear duty by Delgado to do the acts he has requested, and the lack of any other adequate remedy. Indeed, the Court concludes it is simply without the power necessary to order Delgado to return Hoyt's social security card (if it is in her possession) or permit facility residents to shop in stores. *Cf. Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties). Hoyt's petition, therefore, lacks an arguable basis either in law or in fact. Furthermore, to the extent Hoyt challenges a disciplinary action, he should pursue his claims through a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Consequently, after due consideration, the Court enters the following orders:

**IT IS ORDERED** that Hoyt's two "Requests for Mandamus Relief" (ECF No. 1, ECF No. 1-1) are **DENIED** as frivolous and his case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 21st day of November, 2023.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE